REVERSED AND REMANDED.

---

ED. DUGGAN, ADM'R. ET AL. v. HETTY NOELL, ADM'X.

Where the administrator, and the widow of the deceased, who had intervened, gave notice of appeal, the intervenor claiming the homestead as against the mortgagee, but she did not give bond, her appeal was not before the court, and the judgment was affirmed without any reference to the question of homestead. (Paschal's Dig., Art. 1503, Note 591.)

APPEAL from Comal. The case was tried before Hon. GEORGE H. NOONAN, one of the district judges.

This was a suit brought originally in the district court of Guadaloupe county, by Wm. T. Noel against Thomas H. Duggan, to recover the amount and interest due upon a note for $2,000 and also to foreclose a mortgage executed by Duggan to Noel to secure the payment of the note. Duggan died, and in March, 1866, Ed. Duggan, his administrator, was made a party defendant. At the April term, 1866, owing to the disqualification of the judge presiding, who had been of counsel in the case, the venue was changed to the county of Comal. In October, 1866, the death of plaintiff, Noel, was suggested, and his administratrix was made a party plaintiff. The answer of Ed. Duggan, administrator, filed November, 1866, contained a general demurrer and general denial. At the fall term, A. D. 1866, Elizabeth Duggan filed her plea in intervention in the case, averring that the land mentioned in the mortgage deed, which was sought to be foreclosed, was her homestead; that it was her homestead on the day on which the mortgage was executed; that she had claimed and occupied the same as a homestead on the 1st of January, 1857, and had never abandoned the same as a homestead. She prayed that the mortgage might be canceled and set aside as a cloud upon her homestead, and for general and special relief. The statement of facts showed the evidence adduced on the trial. There was judgment in favor of the plaintiff against the intervenor for the costs arising upon her plea in intervention, and also a verdict and judgment for plaintiff for the full amount due upon the note, and for interest and costs, and a decree that the land described in the mortgage deed was liable for the payment of the judgment, with an order that the judgment and decree be certified to the probate court. Defendants filed a motion for a new trial, which being overruled, they both appealed. But as the intervenor did not perfect her appeal, and the

administrator did not complain of the judgment, the court affirmed the judgment of foreclosure without any reference to the intervention.

*John P. White,* for appellant.

*Hancock & West,* for appellee.

MORRILL, C. J.— Suit was instituted by Noel against Duggan, on a note and mortgage against Duggan, who died during the pendency of the suit, and the suit was prosecuted against his administrator.

The surviving widow intervened, claiming the mortgaged property as her homestead. Judgment was given in favor of plaintiff against the succession for the debt, and also against both succession and the intervenor as to the subjecting the mortgaged property to the payment of the debt.

The administrator and intervenor both gave notice of appeal, but as no bond was given, and as no appeal is perfected without bond by any one, except the succession of an estate, the only parties legally before the court are the plaintiff and the succession. (Burr v. Lewis, 6 Tex., 80.)

As the only exceptions worthy of notice were made by intervenor, who, as already stated, is not a party to the suit in this court, and as the verdict of the jury was according to the evidence, the judgment is

AFFIRMED.